SAM FASSY and JACOB ORLOFF, as Copartners Doing Business Under the Firm Name and Style of FASSY & ORLOFF, Respondents, *v.* MORRIS JACOBS, Doing Business Under the Firm Name and Style of JACOBS BROTHERS, Appellant.

(Supreme Court, Appellate Term, March, 1911.)

Process — Defects and amendments — Amendment — Name of party.

Where only one of two brothers sued as partners in business under a firm name was served with the summons, and, upon the trial of the action, it appeared that the brothers were not copartners and that their father was the person who transacted the business under the firm name alleged in the complaint, the court has no power, under section 723 of the Code of Civil Procedure, to make him a party to the action by amendment.

10

Supreme Court, Appellate Term, March, 1911. [Vol. 71.

APPEAL by the defendant from a judgment of the City Court of the city of New York, entered in favor of the plaintiffs upon a verdict rendered by a jury.

Arthur Rosenberg, for appellant.

Nathaniel H. Kramer, for respondents.

HENDRICK, J. Two brothers were sued herein as "Samuel Jacobs and Benjamin Jacobs, copartners in business under the firm name and style of Jacobs Bros." An affidavit follows the complaint in the printed case in which affiant states that he served the summons and complaint upon defendant, Samuel Jacobs, whom he knew to be the person described in the complaint. The codefendant does not seem to have been served. Both defendants appeared by attorney and served a joint answer.

On the trial no cause of action was proved against either defendant. Instead of being copartners, the proof shows that Benjamin is in the florist business and his brother Samuel is working in some capacity for his father. Neither of them is proved to have had any connection with the transaction alleged in the complaint. They were, therefore, entitled to judgment dismissing the complaint with costs.

· But it appeared at the trial that one Morris Jacobs, who is the father of said two brothers, was in the wholesale fruit and nut business, and it was he who transacted the business alleged in the complaint. Plaintiff testified that he represented himself as Samuel and introduced the real Samuel as his partner Benjamin. Thereupon, plaintiff moved "to amend the name of the defendant called Samuel, to Morris Jacobs, on the ground that he has appeared and posed as Samuel Jacobs." This motion was granted, and defendant excepted.

It appears that the elder Jacobs is transacting business under the name of "Jacobs Bros.," the name having survived the death of his brother and former partner.

If Morris Jacobs had ever been summoned into this action by the name of Samuel, or by some other than his true name, we are of opinion that the order granting the amendment

would have been within the power and discretion of the court.  Code Civ. Pro., § 723.

But this is not a case of error in names, but of mistake in persons.  Morris was not summoned, but Samuel was summoned.  We must hold, therefore, that the court had no power to substitute one whom plaintiff intended to sue, in place of another whom he did sue.  Davis v. Mayor, 14 N. Y. 506; N. Y. S. M. M. P. Assn. v. Remington Agril. Works, 89 id. 22.

The judgment must be reversed and complaint dismissed, with costs to appellant in this court and in the court below.

Lehman and Delany, JJ., concur.

Judgment reversed.