In the Matter of the Judicial Settlement of the Estate of George F. Underwood, Deceased.

Grace U. Adriance and Another, Appellants; International Paper Company and Others, Respondents.

Third Department, May 21, 1926.

Executors and administrators — examination of executor under Surrogate's Court Act, § 263, as to matters relating to administration — executors cannot be held in contempt for failure to produce books of testator.

In proceedings instituted under section 263 of the Surrogate's Court Act to examine executors as to any matter relating to their administration of the estate, the executors cannot be held in contempt for refusing to obey an order to produce books of the testator, for the examination is limited to matters relating to the administration of the estate and the books of the testator can have no bearing on such examination.

Van Kirk, J., dissents.

Appeal by Grace U. Adriance and another from orders of the Surrogate's Court of the county of Washington, entered in the office of said Surrogate's Court on the 16th day of December, 1925, adjudging each of the appellants guilty of contempt of court by

reason of the refusal of each to produce certain books called for by counsel for the International Paper Company and others.

*Zabriskie, Sage, Gray & Todd* [*George Zabriskie* of counsel], for the appellants.

*Erskine C. Rogers* [*George A. Brownell* of counsel], for the respondents.

PER CURIAM. In 214 Appellate Division, 741, we had before us an order of the surrogate, made in this same matter, whereby the executors of the estate were required to appear before the surrogate for examination " as to any matter relating to their administration of the estate." We held that the respondents, having been cited as " possible claimants," were parties to the proceedings, and as such were entitled to an examination of the executors under section 263 of the Surrogate's Court Act. Subsequently hearings were had before the surrogate at which the executors were required to produce certain books of account kept by the deceased, George T. Underwood. The executors declined to produce such books for examination although such books were physically present in court. Thereupon the two orders now appealed from, which adjudge each of the two executors to be in contempt of court and impose a fine on account of such contempts, were made. The right of a party to examine an executor upon the return of a citation in proceedings for a judicial settlement is strictly limited in subject to " any matter relating to his administration of the estate or fund." Concededly the books sought to be examined record no fact in reference to the administration of the estate. It is impossible that they should, since they record facts only which occurred before the death of the testator. The respondents desire the examination that they may, if possible, obtain proof that the testator, when acting as agent for them in the purchase of certain lands, made commissions and profits upon the sales illegally and at their expense, and that they may discover the precise sums of money so made, in order that they may file claims or bring actions in reference thereto, as they may be advised. The books, therefore, are not sought to be produced in furtherance of any examination " relating " to the " administration of the estate or fund," and the examination sought to be had, consequently, is unauthorized.

The orders should be reversed, with ten dollars costs and disbursements.

All concur, except VAN KIRK, J., dissenting.

Orders reversed on the law, with ten dollars costs and disbursements against the respondents.