MARY McCLUNG PARDEE and Another, as Executors, etc., of JESSE HOMAN PARDEE, Appellants, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, Respondent.

Fourth Department, May 10, 1933.

*James C. Sweeney, George Gordon Battle* and *Henry W. Killeen,* for the appellants.

*Evan Hollister,* for the respondent.

EDGCOMB, J.   This action is brought to recover upon two policies of life insurance, aggregating $100,000, issued by the defendant upon the life of plaintiffs' testator, the late Jesse Homan Pardee, each policy being payable to the executors of decedent's estate.   The complaint alleges that on or about June 6, 1924, the defendant issued to Mr. Pardee two policies of life insurance in the sum of $50,000 each; that thereafter, and prior to April 6, 1931, and while said policies were in full force and effect, the defendant, at the request of Mr. Pardee, issued to him a single $100,000 policy in lieu of the aforesaid policies; that thereafter, and prior to June 23, 1931, Mr. Pardee, desiring to pledge a part of the aforesaid $100,000 of insurance with the M & T Trust Company as collateral security for a loan, applied to the defendant to have said policy divided or split up, and that, on or about June 23, 1931, the defendant issued, in lieu of said $100,000 policy, two policies, one for $60,000 and the other for $40,000, respectively.   This action is brought to recover upon the two last-mentioned policies.

As an affirmative defense the defendant alleges that each of the policies in suit contains a provision that if, within one year from April 6, 1931, the insured shall commit suicide, while sane or insane, said policy shall become null and void, and further alleges that Mr. Pardee took his own life within the year specified, and that the policies are, therefore, void and unenforcible.

Defendant gave notice, pursuant to section 290 of the Civil Practice Act, of its desire to examine Mrs. Pardee, both individually and as executrix of her husband's estate, concerning matters relating to this affirmative defense.   Plaintiffs moved, pursuant to section 291 of the Civil Practice Act, to vacate or modify said notice.   It

was held that there was no authority for the notice in the form in which it was given, and that, in so far as the notice was directed to Mrs. Pardee individually, it might be disregarded. Mrs. Pardee was ordered to appear for examination as a party plaintiff, not in her individual capacity, but in her representative character — the character in which she brought this action — and to be examined upon the following matters:

(a) The financial affairs of Jesse Homan Pardee shortly prior to and at the time of his death on November 13, 1931, and the financial condition of his estate at the time the executors took possession of the assets thereof.

(b) The marital and domestic relations between said Mary McClung Pardee and her husband, said Jesse Homan Pardee, at the time of the death of said Jesse Homan Pardee on November 13, 1931, and prior thereto.

(c) The physical and mental condition of said Jesse Homan Pardee prior to and at the time of his death on November 13, 1931.

(d) The details connected with the finding of the body of said Jesse Homan Pardee and the events which transpired in the household of said Jesse Homan Pardee in which he participated and which occurred during the evening before and at the time of his death.

If Mrs. Pardee is to be examined here it must be by virtue of the authority given by section 288 of the Civil Practice Act. That section gives to any party to an action in a court of record the right to take by deposition, during the pendency of the action and before trial, the testimony of an adverse party or of a witness, provided such testimony is material and necessary in the prosecution or defense of the action. The witness can only be examined under certain specified circumstances, and none of those circumstances is present in the case of Mrs. Pardee. She is not without the State, nor is she about to depart from the State; she does not reside more than 100 miles from the place of the trial of this action; she is not sick or infirm; there are no reasonable grounds to believe that she will be unable to attend the trial. If she is to be examined, therefore, it must be as an adverse party, and not as a witness.

Mrs. Pardee, as executrix of her husband's estate, and Mrs. Pardee, individually, are, in the contemplation of the law, two separate and distinct individuals, although they are one and the same person. One suing or being sued in his official or representative capacity is, within the eyes of the law, a stranger to any right or liability which he possesses as an individual. (*Leonard* v. *Pierce*, 182 N. Y. 431; *Collins* v. *Hydorn*, 135 id. 320; *Rathbone* v. *Hooney*, 58 id. 463, 467; *Balais* v. *Brady & Gioe*, 189 App. Div. 408; affd., 228 N. Y. 507; *Williams* v. *Fischlein*, 144 App. Div. 244.)

There was no executor of Mr. Pardee's estate during the larger part of the time which is to be covered by this examination. Mrs. Pardee, as executrix of the last will and testament of her husband, did not exist at that time. With a minor exception, any knowledge which she has concerning the matters on which it has been held she can be examined she possesses as an individual, and not as executrix of decedent's estate. Can she then be examined as an adverse party concerning these matters which she knows nothing about in the capacity in which she has made herself a party to the action?

I think that when section 288 of the Civil Practice Act says that an adverse party can be examined before trial, it means just what it says; it means that the party himself must be interrogated, and not some stranger; that he must be questioned about matters concerning which he, rather than someone else, has knowledge; that if the action is brought by some person in his representative capacity he must be examined in that capacity, and not as an individual; that the subject of the inquiry must be confined to matters of which the party as a party has knowledge, and not otherwise. If that were not so, it would not be the party who was being examined; it would be a stranger who was being interrogated. Such an outsider cannot be examined as a party; if he is to be examined at all, it must be as a witness.

True, Mrs. Pardee is the chief beneficiary under her husband's will. It is urged that this fact changes the situation, and makes her liable to an examination as a party concerning matters of which she has a knowledge as an individual. Stress is laid upon the fact that she is more than a nominal party, and that she is vitally interested in the outcome of the litigation. But debts of the decedent and expenses of administration may eat up the entire estate. Mrs. Pardee may never get a penny, and her interest in the estate may vanish in thin air. She cannot sue individually, and recover upon these policies, because the action is one which belongs to the estate, and to the estate alone. The fact that Mrs. Pardee may have a personal interest in the outcome of this litigation does not make her a party individually. (*McGuffin* v. *Dinsmore*, 4 Abb. N. C. 241.)

In the case just cited the defendant was the president of the Adams Express Company. Plaintiff sought to examine Mr. Sanford, the vice-president of the company, and Mr. Babcock, its treasurer, before trial, on the theory that, although they were not parties of record, they were really parties to the action because of their official character and their interest in the express company. It was held that Mr. Dinsmore, the named defendant, alone was a party to the action, and that neither the express company nor its

individual members, other than Dinsmore, could be examined before trial as a party; that Sanford and Babcock could be examined only as witnesses in the same manner as if they sustained no official relation to the company.

I have, therefore, come to the conclusion that, if Mrs. Pardee is to be examined concerning the matters mentioned in the order appealed from, it must be as a witness rather than as a party, and that, as she does not come within the provisions of section 288 of the Civil Practice Act permitting " any other person " to be examined before trial, this examination cannot be had, except as to any matters concerning which she has knowledge in her representative capacity. Those matters are very limited, and would, in my opinion, relate only to the financial condition of Mr. Pardee's estate at the time the executors took possession of the assets thereof.

I am aware of the tendency of the courts to liberally construe this provision for an examination before trial, and am not unmindful of the numerous authorities, including the recent case of *Public National Bank* v. *National City Bank* (261 N. Y. 316), which hold in effect that the right to an examination before trial rests largely in the discretion of the court, and that the statute itself places no limitation upon the right to the examination, except that the evidence must be material and necessary in the prosecution or defense of the action. This liberality, however, extends to the matters concerning which the examination is permitted, and not to the persons to be examined. Only such persons as are mentioned in the statute can be examined. No discretion is given to the court in that regard.

The conclusion which I have reached makes it unnecessary to discuss the other questions raised by the appellants on this appeal.

The order appealed from should be modified by striking out all matters upon which the plaintiff can be examined, except the financial condition of the estate of Jesse Homan Pardee at the time the executors took possession of the assets thereof, and as thus modified should be affirmed.

All concur, except THOMPSON and CROSBY, JJ., who dissent and vote for affirmance on the opinion of LARKIN, J., at Special Term.

Orders modified in accordance with the opinion and as modified affirmed, with ten dollars costs and disbursements to the appellant.