GENESEE VALLEY TRUST COMPANY, as Administrator, etc., of JOHN E. GARLAND, Deceased, Plaintiff, *v.* ARTHUR M. NEWBORN, Defendant.

Supreme Court, Monroe County, March 25, 1938.

*Chamberlain, Page & D'Amanda* [*Arthur V. D. Chamberlain* of counsel], for the plaintiff.

*Block & Smith* [*Franklin H. Smith* of counsel], for the defendant.

LAPHAM, J. This is a motion, *first*, to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it appears upon the face of the complaint that it fails to state facts sufficient to constitute a cause of action, or, *second*, for an order under rule 90 of the Rules of Civil Practice, requiring the plaintiff to serve an amended complaint separately stating and numbering the facts constituting each cause of action as indicated in three subdivisions of said demand; *third*, for an order under rule 102 of the Rules of Civil Practice directing the plaintiff to serve an amended complaint adding the names of alleged necessary parties; *fourth*, for an order under rule 103 of the Rules of Civil Practice striking from the complaint various paragraphs alleged to be frivolous, irrelevant, unnecessary, prejudicial, embarrassing and having a tendency to delay a fair trial in the event the complaint states a cause of action for an accounting by the defendant; *fifth*, for an order under rule 103 of the Rules of Civil Practice striking from the complaint various paragraphs alleged to be frivolous, irrelevant, unnecessary, prejudicial, embarrassing and having a tendency to delay a fair trial in the event the complaint states a cause of action for cancellation of the express trust therein described; *sixth*, for an order under rule 103 of the Rules of Civil Practice striking from the complaint various paragraphs alleged to be frivolous, irrelevant, unnecessary, prejudicial, embarrassing and having a tendency

to delay a fair trial in the event the complaint states a cause of action for conversion; *seventh*, for an order for such other or further relief as the court may deem just and proper, together with the costs of the motion.

Preliminary to a discussion of the remaining questions, it should be noted that upon the argument and in the respective briefs submitted upon this motion, it has been conceded that the facts alleged in the complaint do not constitute a cause of action for conversion.

In the light of the conclusion at which I have arrived, a discussion of all but the first ground raised by this motion would be academic and for this reason I shall not review the same.

It is the contention of the movant that, by instituting the action against the defendant individually rather than in his official capacity as a trustee, the plaintiff has failed to state facts sufficient to constitute a cause of action. After a careful study of the authorities cited in support of, and in opposition to, this application, supplemented by independent investigation, I have reached the conclusion that the defendant's position is amply supported by the law. I am satisfied from an examination of the complaint as a whole that the action is, in the main, one for an accounting of a trustee under an alleged trust agreement bearing date the 13th day of August, 1930, and an amended one under date of November 2, 1931, or that, owing to the alleged incompetency of the settlor of this trust, John E. Garland, at the times of the execution of these instruments, said agreements were void and of no effect, and the defendant actually received the property embraced within the terms and provisions thereof not under and in pursuance of the trust aforesaid, but in a fiduciary capacity, which required him to properly preserve, administer and maintain said fund.

It is one of the contentions of the defendant that, if the cause of action is construed to be one for an accounting of an express trust, he is entitled to a judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action against him as an individual, and he cites in support of this position the leading case of *Leonard* v. *Pierce* (182 N. Y. 431), where Judge HAIGHT, in expressing the views of the court, laid down the principle that the complaint in an action against one as an individual for an accounting of trust funds does not state a cause of action against him in his representative capacity as such trustee, and that, upon the demurrer interposed to the pleading and process then before the court, the defendant was entitled to a dismissal of the complaint. The principle enunciated in this case has been adopted by the courts of this State with great unanimity down

through the years. In tracing its course, I discovered a recent and able opinion by Mr. Justice EDGCOMB of the Fourth Department. (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 296.) The question before the court was whether one Mary M. Pardee, a plaintiff, should be examined before trial and, if so, the scope of such examination. The defendant gave notice of its desire to examine Mrs. Pardee both individually and as executrix of her husband's estate concerning matters relating to an affirmative defense pursuant to section 290 of the Civil Practice Act. Plaintiffs moved to vacate or modify such notice. It was claimed there was no authority for the notice in the form in which it was given and that, in so far as the notice was directed to Mrs. Pardee individually, it might be dismissed. Upon this subject the court said, " Mrs. Pardee, as executrix of her husband's estate, and Mrs. Pardee, individually, are, in the contemplation of the law, two separate and distinct individuals, although they are one and the same person. One suing or being sued in his official or representative capacity is, within the eyes of the law, a stranger to any right or liability which he possesses as an individual (*Leonard* v. *Pierce*, 182 N. Y. 431; *Collins* v. *Hydorn*, 135 id. 320; *Rathbone* v. *Hooney*, 58 id. 463, 467; *Balais* v. *Brady & Gioe*, 189 App. Div. 408; affd., 228 N. Y. 507; *Williams* v. *Fischlein*, 144 App. Div. 244)," and reached the conclusion that, if Mrs. Pardee was to be examined concerning the matters mentioned in the order appealed from, it must be as a witness rather than as a party, and that the examination could not be had except as to any matters concerning which she had knowledge in her representative capacity. The court modified the order of the Special Term by striking out all matters on which the plaintiff could be examined except the financial condition of the estate of Jesse Homan Pardee at the time the executors took possession of the assets thereof. (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294.)

The most recent expression of the courts upon this subject and, to my mind, on all fours with the facts here under consideration, is found in the *per curiam* decision of the First Department rendered during the closing days of 1937, and which arose out of the following facts: An action was brought by Erdine Cobb against the Gramatan National Bank and Trust Company of Bronxville; in due course the Supreme Court of New York county denied the defendant's motion to dismiss the complaint and to compel plaintiff to add additional parties defendant, as well as to change the place of trial. The action was one brought against the defendant individually to compel him to act as trustee of a voluntary trust created by Mary S. Young. The complaint alleged an investment by the defendant

as trustee in a guaranteed mortgage certificate, a default thereunder, a foreclosure of the mortgage, and the acquisition by the defendant as trustee of the real estate. After alleging the investment was not a legal one and was negligently made, the plaintiff prayed for judgment directing the defendant to account for his proceedings as trustee. In its *per curiam* opinion, the court said: " The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted upon the authority of *Leonard* v. *Pierce* (182 N. Y. 431), for the reason that no cause of action is stated against the defendant individually. This renders it unnecessary to consider whether the plaintiff's heirs at law and next of kin are necessary parties to the action. (See, however, *Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298.) " (*Cobb* v. *Gramatan Nat. Bank & Trust Co.*, of *Bronxville*, 252 App. Div. 484.) So broad is the application of the principle under consideration that reference is made to the following citations: *Matter of Ebbets* (149 Misc. 260); *Matter of Burstein* (153 id. 515).

In the light of this long line of authorities, the complaint herein fails to state facts sufficient to constitute a cause of action and the motion is timely and proper.

In reaching this conclusion, I do not subscribe to the contention of the movant that the defendant is entitled to an unconditional dismissal of the complaint.

To the end that technicalities in the administration of the law may be swept aside and the cause of the litigants expeditiously and economically disposed of, the Legislature of this State has come to the rescue of the courts in these latter years until the means to the end have been simplified and ample provision made for overcoming just such obstacles as confront the pleader in the instant case. Section 105 of the Civil Practice Act supersedes section 723 of the old Code of Civil Procedure and now provides that: " At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded."

Likewise, section 192 of the same act more recently adapted from the New Jersey practice, provides that: " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require."

With a design to enact into statute the rule in equity long prevailing that all persons ought to be made parties who were necessary

to make the determination complete and quiet the question, the Legislature enacted section 193, subdivision 1, of the Civil Practice Act which provides that: " The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in."

In the light of these provisions, let us examine the interpretation placed upon them by the courts of this State, in so far as they apply to the question now under consideration. One of the leading cases upon this subject, in which the Court of Appeals discussed at considerable length the power of the court under the old section 723 to permit the amendment of the summons and complaint changing the designation of the defendant from a representative to an individual capacity, while pointing out that in granting the relief it was not acting in conflict with the rule laid down in *Leonard* v. *Pierce* (*supra*) says:

" The amendment of the summons and complaint in this case by omitting therefrom ' as trustee ' after the name of the United States Mortgage & Trust Company was either ' striking out the name of a person as a party ' or ' correcting a mistake in the name of a party;' and whichever it may have been it was an amendment clearly within the power of the court to allow. The question here is not so much as to the authority to permit the amendment as to the effect of the amendment after it had been permitted. Was the change effected by the omission of the words ' as trustee ' tantamount to bringing in a new party for all purposes, so that the United States Mortgage & Trust Company is to be regarded as not having been brought into court at all in its individual capacity until the service of the amended summons and complaint? * * *

" In several other States the same liberality of amendment is allowed, as, for example, Massachusetts, where a writ against a defendant personally can be amended so as to charge him in his capacity as administrator (*Lester* v. *Lester*, 8 Gray [Mass.], 437; *Hutchinson* v. *Tucker*, 124 Mass. 240)."

Judge BARTLETT, continuing to speak for a unanimous court, enunciates the following rule: " The question which has given rise to such a difference of opinion in the court below is one of considerable practical importance to the legal profession, and I have, therefore, sought light upon it by the examination of a large number of cases, both English and American, to which no reference has been made either in the briefs or arguments of counsel. As a result of this research and after a careful consideration of the reasoning in support

of the contending views, I am satisfied that the amendment allowed in the case at bar does not really bring in a new party in the sense of making one a defendant who was not in any sense a defendant before the process and pleading were amended. It merely changes the capacity in which the same person is sought to be charged. That person having actually been brought into court by the service of the original process there seems to be no reason why he should not be required to contest upon the merits any cause of action growing out of the facts alleged in the complaint which the plaintiff may have against him in one capacity rather than in another provided that he is notified by a timely and proper amendment of the precise capacity in which the plaintiff seeks to hold him liable." (*Boyd v. U. S. Mortgage & Trust Co.*, 187 N. Y. 262, 266.)

From that day forth the courts of this State have applied this rule to the various problems of this nature as they have arisen. In differentiating between the line of cases in which an amendment is granted changing the capacity in which the defendant is sought to be charged and that line where there is an actual mistake in person, attention is called to the following case in which an action was brought against two brothers alleged to be copartners under a specified firm name and the summons was served upon one of them. At the trial it was shown that the defendants' father was the person who had transacted the business on which suit was brought and that he had been doing business under the specified firm name. An attempt was made by the plaintiff to avail himself of the remedy provided by section 723 of the Code of Civil Procedure. In the lower court the relief was granted, but the appellate court, in reversing the judgment and dismissing the complaint, said: " But this is not a case of error in names, but of mistake in persons. Morris was not summoned, but Samuel was summoned. We must hold, therefore, that the court had no power to substitute one whom plaintiff intended to sue, in place of another whom he did sue." (*Fassy* v. *Jacobs*, 71 Misc. 145, 147.)

In a recent case, in which the practice authorized by section 105 of the Civil Practice Act was adopted in an effort to amend the summons and complaint by designating the individual so served as the treasurer of the defendant association, the motion was denied. Upon review in the Second Department, the court in a *per curiam* opinion reversed the order of the court below and remitted the matter to the Special Term to take proof as to whether or not at the time of the service of the summons and complaint on Frank P. Tucker as an individual, he, the said Tucker, was in fact the treasurer of the named defendant Co-Operative Fire Underwriters

Association of New York State. The court said: " If it be found as a fact that Tucker was such officer, then the plaintiff should be permitted to serve the proposed amended summons and complaint, on proper terms, since such relief does not constitute the substitution of a party defendant who has not been brought within the jurisdiction of the court, but may be regarded as a misnomer of the defendant. (Civ. Prac. Act, § 105; *Boyd* v. *United States Mortgage & Trust Co.*, 187 N. Y. 262; *De Witt* v. *Abraham Bros. Horse & Mule Co.*, 170 App. Div. 610; *Mc Kane* v. *Democratic etc., Committee*, 14 Civ. Proc. 126; *Munzinger* v. *Courier Co.*, 82 Hun, 575.) " (*Yeager* v. *Co-Operative Fire Underwriters Assn. of New York State, No. 2,* 243 App. Div. 743.)

Later in an action to recover damages for personal injury to a tenant resulting from the alleged negligence of his landlord where the defendant was sued " as trustee," this same appellate court reversed the judgment in favor of the defendant on the law, and granted a new trial. In doing so, the court in a *per curiam* opinion said: " It was error for the court to refuse to permit the amendment of the title by striking out the words ' as trustee.' (Civ. Prac. Act, §§ 105, 192; Rules Civ. Prac. rule 166; *Boyd* v. *U. S. Mortgage & Trust Co.*, 187 N. Y. 262, 266, 270; *Yeager* v. *Co-operative Fire Underwriters Assn. of New York State, No. 2*, 243 App. Div. 743.) Plaintiff made out a *prima facie* case against the defendant individually." (*McKenzie* v. *Lavine*, 249 App. Div. 755.)

Further justification for this practice would seem unnecessary and I, therefore, hold that appropriate relief may be obtained in this action without a dismissal of the complaint.

No motion having, thus far, been made by the plaintiff for the relief necessary in order to save its cause of action, either by cross-motion or otherwise, the question arises as to what relief should be granted upon this application.

The motion of the defendant to dismiss the complaint is granted, with leave, however, to the plaintiff to serve an amended complaint on the defendant within twenty days from the date of the service of a copy of an order in accordance with this decision.

Let an order enter accordingly.