ARTHUR M. NEWBORN, as Trustee under a Trust Agreement Made with JOHN E. GARLAND, Dated August 13, 1930, Appellant, v. MARY G. NILES and GENESEE VALLEY TRUST COMPANY, as Administrator, etc., of JOHN E. GARLAND, Deceased, Respondents, and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. Memorandum: All the matters sought to be determined in this action have been either already authoritatively adjudicated between the parties or fall within the scope of an action now pending in which the Genesee Valley Trust Company, as administrator, is plaintiff, and the plaintiff Arthur M. Newborn, as trustee and individually, is defendant. [See 167 Misc. 220; 168 id. 703.] All concur. (The order dismisses the complaint as to certain defendants in an action to determine the interests of defendants to certain property belonging to a trust.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

In the Matter of the Judicial Settlement of the Account of Proceedings of BANKERS TRUST COMPANY and Others, as Executors, etc., of C. SIDNEY SHEPARD, Deceased.— Decree so far as appealed from affirmed, with costs. Memorandum: Claims of this kind are rightfully subjected to the closest scrutiny. (*Rosseau* v. *Rouss*, 180 N. Y. 116; *Roberge* v. *Bonner*, 94 App. Div. 342; affd., 185 N. Y. 265.) However, see *Matter of Stein* (214 App. Div. 752; affd., 241 N. Y. 529). There is evidence to support findings that decedent's personal charity organization, " Friendly Fund, Inc.," paid the claimant for the actual medical treatments which he gave to decedent's charity patients, and that decedent bound himself personally to pay claimant $1,500 a year for general oversight of decedent's charities, and that claimant did work beyond that for which he was paid by " Friendly Fund, Inc." All concur. (The portion of the decree appealed from allows a claim against the estate for services performed.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.