PAUL TOLNAI, Respondent, v. ALEX CRAVEN et al., as Executors of DAVID SCHNUR, Deceased, Appellants.—

The date for the examination to proceed shall be fixed in the order. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Bergan, JJ.; Cohn, J., dissents and votes to reverse and deny in the following memorandum: Plaintiff is not entitled to an examination before trial of Gertrude S. Freitag, as executrix, as a party because all items upon which the examination is sought involve transactions which occurred prior to her appointment as executrix (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 297). In my view it would be improper to examine the executrix in her representative capacity, and require her to give testimony concerning matters over which she cannot possibly have any personal knowledge. In her representative capacity as executrix she could not make any admissions binding the estate of David Schnur as to matters which occurred prior to decedent's death and prior to the time of her appointment as executrix. As to that portion of the order which directed the production of books and documents pursuant to section 296 of the Civil Practice Act, their production

is limited to use only in connection with the examination of a party. As she may not be examined as a party in her representative capacity, it would be equally improper to require the production of any books and records of the estate. The production of any books and records is limited by statute to such as may be relevant to the matters upon which an examination is allowed (*Thurswel* v. *Goodyear Tire & Rubber Co.*, 271 App. Div. 919).