In the Matter of the Accounting of I. Arthur Rosenberg et al., as Executors of Esther D. Kessler, Deceased.

Surrogate's Court, Bronx County, March 3, 1954.

*Arnold L. Fein* for Samuel H. Cohen.

*David Stein* for executors.

McGrath, S. A legatee makes this motion by way of order to show cause for an examination of the executors under section 263 of the Surrogate's Court Act and for the production of certain vouchers, documents and other papers.

It appears that in 1938, the testatrix herein and her husband executed their joint will, wherein they provided that " whatever property may belong to either or both of us jointly or severally shall be held by the survivor during his or her lifetime; and all the income and profits thereon shall be enjoyed by such survivor as he or she shall deem best during the remainder of the life of such survivor."

The husband, Davis Kessler, died on May 4, 1939, survived by the testatrix herein, who died on April 1, 1948.

The fiduciaries herein qualified as executors in both estates.

By a decree of this court entered on the 8th day of June, 1951, the final account of the respondents as the executors of the estate of Davis Kessler was judicially settled.

In that proceeding, it appeared that certain realty, which the testatrix and her husband owned as tenants by the entirety, had been conveyed by them to a corporation and that they received in return therefor a single certificate of stock registered in both names as joint tenants. The legatee herein objected to the failure of the executors as the fiduciaries of the estate of Davis Kessler to account for the transactions of this real estate corporation.

This court dismissed this objection finding that this property came under the sole ownership of the testatrix herein upon the death of Davis Kessler; that the executors as the fiduciaries of that estate never took over its management and control and that there was no legal obligation on their part to do so.

The pending motion seeks to examine the executors (a) as to each and every transaction relating to their administration of

the estate of the testatrix herein; (b) as to the receipt and disposition of all income, moneys and property from the Davis Kessler estate; and (c) the production of certain books, papers, documents and other records of the testatrix and of the executors, including records showing the disposition of all of the assets of the testatrix '' since the death of Davis Kessler '' in 1939.

The executors object to any inquiry concerning the estate of Davis Kessler and to their examination and the production of records relating to the disposition of the assets of the testatrix since the death of Davis Kessler. They contend that the decree settling their account as executors of the estate of Davis Kessler bars any inquiry concerning the assets of such estate, and that they should not be examined as to matters antedating the death of the testatrix and their appointment as her executor.

Letters testamentary in her estate were issued to them on May 4, 1950.

The motion insofar as it seeks an examination concerning property of the Davis Kessler estate, other than the assets of such estate which were directed to be turned over to the executors herein by the final decree in such estate, will be denied.

The assets derived from the Davis Kessler estate pursuant to the decree are included in the present account and are a proper subject of an examination pursuant to section 263 of the Surrogate's Court Act, in the present estate without specification. As to any other assets which the legatee may contend should be accounted for in the Davis Kessler estate, any rights which he possesses in this respect must be enforced in that estate.

With respect to the objection of the executors to their examination and production of records relating to matters antedating their appointment, their contention is overruled.

While it has been held that an executor could not be examined as a party respecting matters which occurred prior to his appointment (*Pardee* v. *Mutual Benefit Life Ins. Co.,* 238 App. Div. 294, 297; *Matter of Underwood,* 217 App. Div. 128; *Matter of Ebbetts,* 149 Misc. 260), relevant books, papers and other records of a testator have been directed to be produced, and an examination of the executor has been allowed as to such knowledge of the decedent's affairs as the executor in his fiduciary capacity may have gleaned from such books, papers and records (*Tolnai* v. *Craven,* 279 App. Div. 891). As limited by this latter authority, the request of the legatee will be allowed.

If the legatee herein seeks to examine beyond these limits, an application must be made to examine the respondents as witnesses (*Chambers* v. *Abberley,* 280 App. Div. 771). In this

respect, the executors' participation in the business affairs of the testatrix will be sufficient to constitute "special circumstances" entitling the legatee to such examination, if a motion therefor is made. (Civ. Prac. Act, § 288; *Matter of Halprin*, N. Y. L. J., March 16, 1953, p. 864, col. 7).

The order to be entered hereon will fix the time and place of the examination allowed herein.

The time of the legatee to file further objections to the account will be extended to ten days after the completion of this examination.

Settle order.