S. Samuel Di Falco, S.
In the pending application to determine status of the alleged widow of decedent and for other relief respondent moves to vacate a notice of her examination before trial by the executors as an adverse party ‘ ‘ with respect to the relevant and material allegations of fact put in issue by the pleadings.” The form of notice is proper (Rules Civ. Prac., rule 121-a, as amd.). Respondent urges (1) that examinations before trial are not allowed in matrimonial actions unless special circumstances are shown, and (2) that the granting of a motion to vacate a notice of examination by decedent, when living, in a Supreme Court action involving respondent and decedent and affirmance of the order without opinion by the Appellate Division constitutes the “ law of the case ”.
The court holds that petitioners are entitled to the examination sought. The examination is sought of respondent as an adverse party and no special circumstances need be shown. Furthermore, this is not a matrimonial action as such, and in a case involving a similar issue the court allowed examination even of a witness, holding that special circumstances existed (Matter of Reynolds, 166 Misc. 446).
The court further holds that denial of the examination in the Supreme Court and affirmance without opinion by the Appellate Division is not the law of the case. The executors allege that the principal ground urged at Special Term for vacating the notice of examination was that defendant (decedent) had filed a statement of readiness which precluded him from applying among other things for an examination and that the court granted the motion to vacate from the Bench without opinion; in other words that decision was not on the merits. The order as entered was affirmed without opinion. These allegations are not controverted herein. It is well settled that affirmance without opinion means merely an approval of the result reached and not of the reasoning or basis therefor (Scott & Co. v Scott, 186 App. Div. 518, 526; Jasne v. Jasne, 132 N. Y. S. 2d 701; Rose v. Imbrey, 37 N. Y. S. 2d 793).
The motion to vacate the notice of examination is denied. Respondent is required to produce at said examination all relevant books and papers for use upon the examination in accordance with the provisions of section 296 of the Civil Practice Act.
Submit order on notice.