Harry G-. Herman, S.
The accounting executrix moves to vacate a notice requesting her examination before trial, individually, and as executrix, pursuant to section 288 of the Civil Practice Act, and for the production pursuant to section 296 *728 thereof, of all books and records pertaining to the estate and all other books, records and memoranda of the decedent.
The items as to which the examination is sought include all relevant and material allegations of fact placed in issue by the objections. The objections containing 32 separate items were filed on December 19, 1961, the notice of examination is dated March 23,1962, and the court has heretofore fixed May 7,1962, as the date for the trial of the issues raised by the objections.
The motion to vacate the notice of examination of the executrix in her capacity, as such, as an adverse party before trial is denied (Matter of Walzer, 8 A D 2d 971; Matter of Goldberg, 243 App. Div. 707; Nagel v. Nagel, 242 App. Div. 845). It is the rule that a fiduciary may not be examined as an adverse party except upon matters as to which he may have acquired information in his representative capacity (Pardee v. Mutual Benefit Life Ins. Co., 238 App. Div. 294), although an examination has been permitted as to such knowledge of decedent’s affairs as may have been acquired in a representative capacity from decedent’s books, records and other papers (Tolnai v. Craven, 279 App. Div. 891). An examination beyond these limits relating to information acquired only as an individual must be predicated upon the ground of special circumstances (Clark T. Chambers, Inc., v. Abberley, 280 App. Div. 771).
The objections filed herein and the affidavit in opposition to the motion to vacate the notice of examination charge the accounting party with having omitted from the account estate assets to which the executrix had access prior to her appointment. Special circumstances, therefore, exist warranting the examination of the executrix in her individual capacity as a witness. Moreover, the cases above cited do not impose as a limitation upon the examination of a fiduciary as an adverse party knowledge or information obtained by virtue of her office from whatever source or preclude an objectant from inquiring into acts or omissions on the part of the fiduciary in reducing or failing to reduce estate assets to her possession as executrix.
The executrix will be directed to produce upon such examination any and all books, records, papers and other writings in her possession or under her control as executrix pursuant to section 296 of the Civil Practice Act. The motion to vacate such notice of examination accordingly is denied in all respects.