Pierson B. Hildreth, S.
This is a motion to vacate a notice of examination before trial of an executor as an adverse party. The proceeding is one to construe decedent’s will, and was instituted by the executor acting solely in his representative capacity. The will was drawn by the executor, a layman, and he is also a subscribing witness. Several phrases or clauses of *1034 the will would appear to he subject to interpretation and clarification, and a main question would appear to be whether the will makes an effective disposition of the residuary estate.
The corporate respondents, legatees, which seek a construction under which they would take the residuary estate, served notice upon the executor to examine him specifically as an adverse party with respect to:
(a) All facts and circumstances concerning the preparation of the last will and testament of Eleanora M. Kelly, deceased, dated March 3, 1956, including all instructions given to Henry M. Koch by Eleanora M. Kelly with respect to the preparation of said last will and testament;
(b) All conversations between Henry M. Koch and Eleanora M. Kelly.
The executor’s motion to vacate the notice to examine him is on several grounds, some of which assert technical irregularities which might be disregarded or be readily corrected. However, one ground asserted is that the executor is not an adverse party, that he asserts no position adverse to any party, but simply seeks a construction of the will as a stakeholder and will be guided by the determination of the court. He also indicates that he drew the will and upon the formal hearing will wish to advise the court as to matters incident to its preparation and execution for whatever light that may shed upon its interpretation.
It is obvious that the examination sought by the respondents primarily concerns matters of which the executor obtained knowledge in his individual capacity before decedent’s death. Assuming he is subject to examination, it might be as either an adverse party or as a witness. (Civ. Prac. Act, § 288.) As to knowledge gained in his individual capacity, the executor must be examined as a witness rather than as an adverse party, and as an adverse party the scope of the examination would be limited to knowledge gained in his representative capacity. (Pardee v. Mutual Benefit Life Ins. Co., 238 App. Div. 294; Matter of Kessler, 205 Misc. 557.)
In view of the fact that the executor drew the will, and has indicated that he may testify as to matters incident to its preparation, the court deems that “ special circumstances” are present which entitle respondents, or other parties, to an examination of the executor as a witness under section 288 of the Civil Practice Act on proper notice or application. In the opinion of the court all parties are entitled to be advised prior to any hearing of whatever material information the executor possesses and intends to offer pertaining to the issues. There *1035 also does not seem to be any substantial reason why the executor could not presently give such information voluntarily to the other parties without requiring them to apply for a formal examination.
The court will not at this time rule upon the scope of the examination now sought. Certain extrinsic material facts may be obtained by respondents as the result of such an examination but it would seem that the present request, particularly as to “ all conversations ” is too broad. (See Matter of Smith, 254 N. Y. 283; Matter of Salterini, 7 Misc 2d 497.)
The motion to vacate the notice to examine the executor before trial as an adverse party is accordingly granted without prejudice to any subsequent application for examination as a witness, or as an adverse party limited in the latter capacity to knowledge gained in a representative capacity. Submit order on notice.