Harry G. Herman, S.
In this contested accounting proceeding the attorney for the executors served a notice to take the deposition upon oral questions of Alma Eustigan, an objectant and legatee (CPLB 408, as amd. by L. 1964, ch. 477, eff. April 10, 1964; CPLB 3102, subd. [b]; 3101, subd. [a], par. [1]) with regard to the seventh objection to the account. Her objection is that the furs and perfumes, valued at $1,600 in Schedule “ E ” of the account and shown as a partial distribution in payment of her legacy, were, in fact, gifts given to her by the testatrix during her lifetime and are not part of the legacy to which she is entitled.
The objectant, by her attorney, now moves for a protective order (CPLB 3103, subd. [a]) to deny the taking of the deposition and to vacate the notice of the deposition upon the grounds that there are no special circumstances rendering it proper that such deposition be taken within the meaning of CPLB 3101 (subd. [a], par. [4]) and that “said witness” does not otherwise come within the scope of CPLB 3101 (subd. [a]).
The contention of the objectant is untenable. She is not a witness but a party. Consequently, CPLB 3101 (subd. [a], par. [4]) has no application. Since she is a party, there need be no showing of special circumstances to justify the taking of her deposition (CPLB 3101, subd. [a], par. [1]); Matter of Collins, 20 Misc 2d 283, 284; Matter of Kahn, 274 App. Div. 900).
The objectant further asks that, if the court does find that the executors are entitled to examine her, that the examination be conducted not in White Plains, but in Providence, Bhode Island, where she resides. However, the affidavit of the attorney *177 for the objectant “fails to disclose that it would be unduly burdensome or result in any serious inconvenience or unnecessary hardship to require [her] to appear in [Westchester] County for the examination ” (Drews v. Spencer, 274 App. Div. 802).
Accordingly, the motion for a protective order is, in all respects, denied.