Harry G-. Herman, S.
The executrix herein has moved by her attorney (1) to preclude the objectant, for failure to furnish a bill of particulars, from giving evidence at the trial of the items of which particulars have not been delivered (CPLR 3042, subd. [c]); and (2) for a protective order (CPLR 3103, subd. [a]) vacating the objectant’s notice to examine her as executrix and individually, or, in the alternative, limiting and conditioning said examination to provide for an examination of the executrix on written questions pursuant to CPLR 3108 after the objectant furnishes the demanded bill of particulars.
Contrary to the observations of the attorney for the executrix in bis moving papers, the court has observed that any delay herein has been caused by the dilatory tactics of the executrix, who has chosen to hide herself, and of her counsel. Counsel for the objectant has satisfactorily explained his failure to move to vacate or modify the demand for the hill of particulars within live days after receipt thereof pursuant to CPLR 3042 (subd. [a]), in view of the unexpected death of his father; and, in the interests of justice, his client, who was forced to institute a proceeding to compel the executrix to account, should not be thereby precluded.
The contention of the attorney for the executrix, that it is the rule in all courts that a party will be required to furnish a bill of particulars before being allowed an examination before trial, was rejected by this court in Matter of Byrnes (N. Y. L. J., *332 March 13, 1964, p. 19, col. 8), where it was noted that this is not the' practice in accounting proceedings in the Surrogate’s Courts, where it is customary that bills of particulars are not required to be furnished until after the completion of the examinations before trial (see, also, Matter of O'Connor, 19 A D 2d 742, 743; Matter of Nachman, 17 Misc 2d 363, 364).
The fact that the burden of proof in an accounting proceeding might be on the objectant is not a reason for denying the objectant’s examination of the executrix before trial (CPLR 3101, subd. [a]; Matter of Kahn, 274 App. Div. 900; Matter of Tow, 93 N. Y. S. 2d 899, 900).
The objections filed herein in essence charge the executrix with having omitted from the account estate assets to which the executrix had access prior to her appointment. Special circumstances, therefore, exist warranting the examination of the-accounting party in her individual capacity as a witness as well as in her capacity as executrix (CPLR 3101, subd. [a], par. [1] and par. [4]; Matter of Moody, 34 Misc 2d 727, 728).
The moving papers allege that it would be a serious inconvenience and unnecessary hardship to require the executrix, who now resides somewhere in California, to appear in Westchester County for the examination (cf. Drews v. Spencer, 274 App. Div. 802; Matter of Keljikian, 44 Misc 2d 176). However in this case the executrix removed herself from this State without notice to anyone, made herself unavailable, and forced the necessity to bring on a compulsory accounting proceeding. Especially in view of the nature of the objections, and since written questions in this case would not be a satisfactory method to obtain full disclosure of all evidence material and necessary to the objections (CPLR 3101, subd. [a]), the motion for a protective order is granted to the extent that the examination shall be conducted in Westchester County, at' a time and place to be designated in the order herein, as to all relevant matters in issue, with the expenses thereof to abide the event (CPLR 3103, subd. [a]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac. [1963], par. 3103.12; see, also, CPLR 8301, subd. [a], par. 1; Surrogate’s Ct. Act, § 275); and is in all other respects denied.
The executrix’ motion to preclude is granted, unless the objectant serves and files a verified bill of particulars in accordance with the executrix’ demand within 20 days after the completion of the examination before trial.