Russell Gr. Hunt, J.
This article 78 proceeding was commenced by order to show cause, dated May 15, 1973, and made returnable at the regular Albany Special Term on June 8,1973. Prior thereto and by motion returnable at the regular Albany Special Term on May 25, 1973, held by the same Justice, Hon. A. Franklin Mahoney, the respondent commission sought dismissal of the petition herein. The motion was denied, an opinion was written, and leave was given to answer and, upon application of the respondent, consent to appeal was given. The notice of appeal was filed and the automatic stay contained in subdivision (a) of OPLR 5519 came into effect.
Upon the call of this motion for argument on June 8 the parties were notified by this court that it could not go on in the light of the aforesaid facts. In response, the respondent then advised the court that the notice of appeal had been withdrawn, an answer interposed and the motion was ready for argument. The parties were informed by the court that the automatic stay could be modified or vacated only by the court to which the appeal had been taken. (Trojan Contr. Co. v. City of Troy, 34 A D 2d 1038 [3d Dept.].) Upon the persistence of respondents’ counsel that the argument proceed, it was stated by this court that the motion would not be heard unless he obtained a vacation or modification of the stay and that if he required guidance in .the matter he should consult with the Clerk of the Appellate Division and transmit such advice to this court. The Clerk shortly thereafter telephoned this court and the former was advised that respondents’ counsel had been informed that the *164 motion would not be heard, in the light of the stay. Shortly thereafter the Clerk again telephoned and advised this court of the recent decision of the Appellate Division, Third Department, under date of March 21, 1973, in Robey v. State of New York (42 A D 2d 694) and wherein it was held that a notice of appeal filed by the State did not stay the order from which it had taken an appeal. Belying upon the expertise of the Clerk, the arguments on the motion proceeded.
This proceeding raises the issue of the constitutionality of the act creating the respondent commission under the Constitution (art. V, § 3), wherein the creation of “ temporary commissions for special purposes ” is authorized. In his well-reasoned opinion in Matter of McArdle v. Curran (May 30, 1973) Mr. Justice Mahoney held that under the facts the statute was not immune from attack.
The issue has been raised over the years but the Court of Appeals has not yet directly considered and passed upon the precise point in the light of the factual situation now presented. It has simply affirmed, without opinion, lower court orders in Matter of Commission of Investigation of State of N. Y. v. Lombardozzi (7 A D 2d 48 [1st Dept., 1958], affd. 5 N Y 2d 1026) and Matter of Cronin v. Temporary N. Y. State Comm. of Investigation (19 A D 2d 689 [3d Dept., 1963], affd. 13 N Y 2d 941). In Scott & Co. v. Scott (186 App. Div. 518, 526) it was stated that “ The affirmance of the Court of Appeals was without opinion. That court has repeatedly pointed out that when they affirm without opinion they are responsible only for the result and not for the reason given in the opinion in the lower court by which it arrived at the result. (Rogers v. Decker, 131 N. Y. 490, 493.) ” (See, too, Dall v. Time, Inc., 252 App. Div. 636, 641, affd. 278 N. Y. 635 and Matter of Collins, 20 Misc 2d 283, 284.)
In Lombardossi, with reference to the creation of “ ‘ temporary commissions for special purposes ’ it was said (p. 53) concerning, “ one of the landmark decisions ”, namely, Matter of People (Westchester Tit. & Trust Co.) (268 N. Y. 432) (relating to the creation of the temporary Mortgage Commission) that the occasion therefor was ‘ * the abnormal if not emergency conditions that existed # * * ‘ for the .special purpose of prompt and effective action ’ ” in the economic crisis then prevailing. And, so, too, in Matter of Di Brizzi (Proskauer) (303 N. Y. 206, 216 [1951]) where a commission was set up to make “ a general investigation into organised crime ”, a special purpose ; and, in Matter of Cronin v. Temporary N. Y. State Comm. *165 of Investigation (19 A D 2d 689, 690) the Appellate Division said, “ The life of the commission will terminate at the end of the extended term and may, indeed, he terminated prior thereto by action of the Legislature. Neither do we find merit in the contention that the commission is a permanent department because it succeeded to the functions of the Commissioner of Investigation. (See L. 1953, ch. 887; L. 1958, ch. 989, § 9; cf. Matter of Consolidated Edison Co. of N. Y. v. Moore, 277 App. Div. 245, 249-250.) As apposite now as when the commission was originally constituted is the statement in the Lombardossi case (supra, p. 53) that ‘ Judged by any standards the commission is a temporary one. ’ ”; that statement was with reference to the five-year life of that commission.
In Matter of Consolidated Edison Co. of N. Y. v. Moore (supra, p. 250) however, it was said that the commission referred to therein was created by the Legislature, effective March 31, 1949, with the time limitation of April 1,1952, upon its existence, ‘ ‘ on which date the entire enactment will cease to be of force and effect. It, therefore, clearly appears that the commission is in fact a temporary adjunct of the State’s administrative system.”; therein five years was considered not permanent.
Lombardossi and the others are not precedents for the long time constitutional validity of the respondent.
In particular, it is noteworthy that the dicta expressed by the Appellate Division in Cronin (19 A D 2d 689, 690, supra) in 1963 that ‘ ‘ the life of the commission will terminate at the end of the extended term and may, indeed, be terminated prior thereto by action of the Legislature ” never came to pass. The warning so expressed to the Legislature to comply with the Constitution was ignored and the Legislature has extended the respondent to 1975. The binding force of the decision of the Appellate Division is not considered to be stare decisis because such decision was limited to the facts and circumstances present 10 years ago and to the statute before the amendments which followed. Pragmatically the judicial system does not operate in a vacuum.
From chapter 887 of the Laws of 1953 and on to the amendatory act, chapter 268 of the Laws of 1972, extending its life to 1975, a period of 22 years, the respondent, a so-called “ temporary commission,” will have continued in existence for 22 years.
The original commission has been continued in effect, with its assets, liabilities and unexpended appropriations. By a similar provision in each amendment extending its life it is recited that “ This act shall take effect May first, nineteen hundred *166 fifty-eight and remain in effect until April thirtieth ’ ’ of the succeeding year of the extension (emphasis added). Such is the construction placed upon amendatory acts by the Court of Appeals in Lyon v. Manhattan Ry. Co. (142 N. Y. 298, 303) wherein it was said that “it [is] a settled rule of statutory construction that an original statute with all its amendments must be read together and viewed as one act passed at the same time ”.
The commission that was envisioned in the beginning was one that would be permanent and this was so stated in the 1958 Annual Message of Governor Harriman (N. Y. Legis. Annual, 1958, p. 342). Therein he referred (p. 361) to the Proskauer Crime Commission’s recommendation for the creation of “ a permanent Commission of Investigation ’ ’, pursuant to section 4 of article V of the Constitution whereunder permanent commissions may be created within departments, such as the Public Service Commission within the Department of Public Service, the several boards within the Labor Department and the State Civil Service Commission within the Civil Service Department, amongst others.
The Constitution in sections 3 and 4 of article V makes it clear that the People in approving the Constitution drew a distinction between temporary and permanent commissions and that permanency in civil departments (art. V, § 2) was limited to 20 departments. It was recognized that from time to time “ temporary commissions for special purposes ” might be useful tools for the Legislature such, for instance, as the Mortgage Commission (supra), and the special commission in Proskauer, and Matter of Consolidated Edison Co. (supra). The distinction was recognized in Cronin in 1963 where it was argued and recognized by the court in its dicta, supra. When “ the ground [of attack] is rooted in 1 time ’ and the statute can only survive by continuance of its ‘ temporary ’ posture, then the passage of time adding to a decade or longer might give to the argument weight it lacked when originally advanced ” (Mahoney, J., supra).
Permanent means a continuance in the same State or without essential change and such is a characteristic of the statute; temporary means existence for a short time such as a temporary chairman; it is the opposite of permanent.
The Court of Appeals has not joined in the prediction in Cronin — its simple affirmance of the order below does not show concurrence. This means that the issue is open for consideration.
*167 The presumption of constitutionality afforded the statute must fall in the face of its demonstrated conflict with fundamental law. That the life of the respondent has been extended to 1975, covering a period of 22 years, is not an argument for its constitutionality as a “temporary commission” — to the contrary. The petition is granted.