In the Matter of the Estate of FRANCIS MACKU, Deceased. VLASTA H. MACKU, Appellant; KAREL MACKU, Respondent.— Order of the Surrogate's Court, Queens County, dated May 2, 1967, affirmed insofar as appealed from and order of said court dated June 27, 1967, affirmed, without costs. No opinion. Order of said court dated April 12, 1967 reversed, without costs, and appellant's motion to take the deposition of respondent's attorney, Antonin Tutter, granted. The examination shall be held at Special Term, Part II, of the Supreme Court, Queens County, on a day and hour to be specified in a written 10-days' notice or at such other place and time as may be agreed upon by the parties. Appeal from order of said court dated August 3, 1967 dismissed, without costs. In our opinion, respondent's attorney is a hostile witness with knowledge of pertinent facts and petitioner should be permitted to examine him before trial (CPLR 3101, subd. [a], par. [4]; *Reif* v. *Gebel*, 246 App. Div. 776; *Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 430; *Kuzmak* v. *Atlantic Cement Co.*, 20 A D 2d 845). Should the examiner improperly seek information regarding privileged matters, the witness may exercise his right to claim privilege. The papers presented upon the motion to reargue or renew which resulted in the order of August 3, 1967 did not offer any new or additional facts; nor was an excuse offered for the failure to present on the original motion the material set forth in these papers. This being so, the motion is properly treated as one to reargue (10 Carmody-Wait 2d, New York Practice, §§ 70:42, 70:43). An order denying reargument is not appealable (*Kornstein* v. *New York Tel. Co.*, 26 A D 2d 820; *H & M Heating Utilities* v. *Teplitz*, 24 A D 2d 468). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.