Joseph Life, J.
Plaintiffs seek to examine an individual who had been an officer of one of the defendant corporations. They bring their application 1 ‘ pursuant to CPLR § 3101 (a) (4) ”. Notice of the application was given solely to the attorneys for the defendants. The individual whose deposition is sought was not advised of the application nor is he represented here.
We suggest that CPLR 3101 defines in general terms the scope of disclosure and the limitations thereon and that it was not intended as a procedural section. The methods provided for obtaining disclosure begin with CPLR 3102. The reference to *643 a motion in CPLR 3101 (subd. [a], par. [4]) is to any one of the motions which might arise under later sections, as for instance: an application for a protective order (CPLR 3103); where plaintiff seeks to examine a party within 20 days after service of the complaint (CPLR 3106, subd. [a]); or a prisoner (CPLR 3106, .subd. [c]); or where a subpoena and notice are served to examine a witness (CPLR 3106, subd. [b]; 3107).
With the enactment of the CPLR it was anticipated that disclosure would be had by stipulation or notice in the first instance (CPLR 3102, subd. [b]), and, as Weinstein-Korn-Miller say, ‘‘ Therefore, the normal reaction should be to arrange disclosure amicably with an opponent before bringing the matter to the court’s attention.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3102.05.)
The .approved method for obtaining the examination of a non-party witness is to proceed pursuant to CPLR 3106 (subd. [b]) and CPLR 3107 (Spector v. Antenna & Radome Research Assoc. Corp., 25 A D 2d 569). When that is done, the adversary having been noticed can resist the application and notify the witness of the stay (CPLR 3106, par. [b]) or the witness himself might ask for a protective order. Thus all the parties would be before the court .at one time and duplication of effort for the parties and court would be avoided.
Here, the plaintiffs, without having sought to examine the corporation itself, seek to examine a former officer. It should be noted that circumstances are revealed which indicate that the examination of that officer would be desirable and necessary. However, the opposition asserts that the plaintiffs should first examine the corporation by an officer designated by the party and only then, in the event that the necessary information is not obtained, should the plaintiffs ask to examine the nonparty witness. Plaintiffs counter and urge that if they examine the nonparty witness it may prove to be unnecessary to examine the defendant, although they are not prepared to relinquish the right to examine the defendant. In the ordinary case the corporation should in the first instance have the right to designate that officer, etc., by whom it will be examined (Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918).
If this application were granted the witness, on being given notice of the examination, whether by a copy of an order or subpoena or both, would have the right to seek a protective order (CPLR 3103, subd. [a]) and all of the issues would have to be reviewed for a second time.
A supporting affidavit remarks that the “ defendants have exceeded the discovery rights accorded them under CPLR § 3101 *644 et seq ” and that nevertheless plaintiffs have not objected. Of course that is a choice which plaintiffs have made. Defendants have chosen otherwise.
In this court’s view, it would be preferable to have before the court at one time all the interested parties. The motion is denied. This determination is without prejudice to an application which may be made by the plaintiffs, should they he so advised, for leave to examine the nonparty witness either before or after they have examined the corporation by another officer. In such event they should follow the procedure set forth in CPLR 3106, and 3107.