■ EUGENE W. LUDDEN, Respondent, v. ERIE LACKAWANNA RAILWAY COMPANY, Appellant.— Order, insofar as appealed from unanimously reversed, without costs, and motion denied, without prejudice to a renewal thereof on proper papers. Memorandum: Plaintiff seeks an examination before trial of certain physicians as agents of defendant under CPLR 3101 (subd. [a], par. [1]). His affidavit alleges simply that he was directed by defendant to consult these physicians, who are "company surgeons" as indicated on a list furnished by defendant and attached to the affidavit, and that all expenses for treatment were paid by defendant. While we agree with the court below that the opposing affidavit by an attorney is entitled to little weight, nevertheless, it was error to direct the examination upon plaintiff's affidavit which fails to show a relationship between the physicians and defendant justifying disclosure under CPLR 3101 (subd. [a], par. [1]). Whatever may be the relationship for purposes of liability under the Federal Employers' Liability Act, the affidavit is insufficient to permit a determination that the physicians are within the control of defendant such that an examination under the section relied on may be ordered. The case of O'Donnell v. Pennsylvania R. Co. (122 F. Supp. 899) relied on by the court at Special Term, is distinguishable by the proof there presented that the physicians who treated plaintiff were directly supervised by members of defendant's medical staff, received payment of periodic wages and worked regular hours for the carrier. (Appeal from parts of order of Allegany Special Term directing production of certain persons and records.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.