Joseph P. Kuszynski, J.
Pursuant to CPLR article 78, Peter E. Connelly seeks a review of the actions of the Sheriff of Erie County dismissing him from his post ias “ Head Nurse ” of the Erie County Jail because he had refused to shave his beard.
A regulation was promulgated by the Sheriff on September 20, 1972 restricting the length of hair, sideburns, size of moustaches and barring altogether the wearing of beards by the employees of the Erie County Sheriff’s Department. The petitioner refused to abide by it and was suspended on September 26, 1972. On December 12, 1972, ¡after a departmental hearing, he was discharged.
General Order 72-3, as the regulation is known, recites in its preamble its purpose; to effect “a more acceptable appearance to the public and for reasons of health, safety and security”. The question posed here is whether the regulation is unreasonable in its ¡application to the petitioner- whose duties are that of a nurse rather than a police officer.
The petitioner is a professional registered nurse who performs his duties in the jail airtong the inmates and has a minimal *645 contact with the public. It is conceded that he does not carry a gun and except for hospital whites does not wear a uniform. His identification card designates him as “ Head Nurse ” and not as “Deputy Sheriff ’ ’. Although an employee of the Sheriff’s Department, he is not in the traditional sense a member of the Sheriff’s paramilitary force.
It must be noted that men’s fashions, though ever so slow to succumb to a change, have changed in recent times. Ten years ago a beard was an oddity. In the aftermath of the evolution of men’s hair styles, it is now an accepted facial adornment.
The petitioner is an individual who, within the spirit of the times, has chosen to grow and wear a beard about one inch in length. From the data before this court there seems to be little doubt that the petitioner sported his beard at the time of his appointment on May 9,1970 and continuously thereafter.
Absent is any showing that petitioner’s performance has been anything but satisfactory or that his wearing of a beard had any effect upon the public image of the Erie County Sheriff’s Department, nor was the competence and the safe operation of the jail jeopardized in any way because of his beard during the two and one-half years preceding his discharge.
Valid reasons may exist for the Sheriff to set rules for the uniform appearance of his deputies including hair styles and facial appearance so that a favorable police-like image is fostered. (See Matter of Greenwald v. Frank, 70 Misc 2d 632; Dwen v. Barry, 336 F. Supp. 487.) There is no rational basis, however, for the application of the beard regulation to the petitioner in view of the nature of his duties. The presence and the style of petitioner’s beard is utterly unrelated to his work and no legitimate interest of the Sheriff is furthered by applying the beard ban to the petitioner.
The County of Erie is a necessary party to this proceeding. The Sheriff is- an independent agent (N. Y. Const., art. XIII, § 13; Erie County Administrative Code, Local Law No. 1 of Local Laws of 1960 of Erie County, § 15.03) and his subordinates are employed by him personally. However, the county pays said employees’ salaries and in that regard is a joint employer. (See Matter of County of Ulster v. CSEA, Ulster County, 37 A D 2d 437.) Furthermore, the collective bargaining agreement was made by the Badge & Shield Association representing the Sheriff’s Department employees with both the Sheriff and the county.
Petitioner is to be reinstated in his former post with pay since September 26, 1972.