■ GLEN 4912 CORP., Respondent, v. ISABELLE S. STRAUSS, Also Known as ISABELLE S. SILVERMAN, Appellant.— In an action against a vendor for specific performance of a contract to sell a fee interest in real property, defendant appeals from so much of an order of the Supreme Court, Kings County, entered October 31, 1973, as (1) denied her the right of first pretrial examination, (2) directed that she submit Selig J. Silverman for pretrial examination before pretrial examination of any of plaintiff's officers having knowledge of the facts and (3) granted plaintiff leave to place the action on the Trial Calendar forthwith, reserving both parties' rights to complete their pretrial examinations prior to trial. Order modified (1) by deleting therefrom the second decretal paragraph, which directed that plaintiff be examined before trial, but " subject to the plaintiff's examination of SELIG J. SILVERMAN "; (2)

by striking from the third decretal paragraph thereof, which denied plaintiff's motion to dismiss defendant's answer, the condition upon which· said motion was denied, namely, that the defendant submit Selig J. Silverman for pretrial examination before pretrial examination of any of plaintiff's officers; (3) by adding to the fifth decretal paragraph, which granted plaintiff leave to place the action on the Trial Calendar, the following: "and specifically reserving to the defendant the right to move for a pretrial examination of Benjamin Lipson, Esq., as agent of the plaintiff or as a nonparty witness, and to procure his attendance upon his pretrial examination;" and (4) by adding thereto a provision that all proceedings on the part of the plaintiff in this action are stayed until it shall pay the taxed costs on the prior appeal from an order-judgment dated April 5, 1972. As so modified, order affirmed insofar as appealed from, without costs. The defense to this action is fraud. It appears that one Benjamin Lipson, Esq., a member of the law firm representing the corporate plaintiff, conducted the negotiations for the purchase on behalf of plaintiff and plaintiff's assignors. Plaintiff contends that neither of the two officers and stockholders of plaintiff has any knowledge of the facts in issue and there is no other person now living with any knowledge of the matter. Defendant makes no objection to having her husband, an attorney, Selig J. Silverman, Esq., examined, as it was he who conducted the negotiations for the sale of her property on her behalf. While it is for the corporation to decide initially whom it will submit for examination, if the examining party concludes that the person produced has inadequate knowledge, he may move for the examination of a specific person having knowledge (*Besen* v. *C. P. L. Yacht Sales,* 34 A D 2d 789; *Arett Sales Corp.* v. *Island Garden Center of Queens,* 25 A D 2d 546). When an attorney functions as an agent or negotiator in a commercial venture, he may be examined (*Matter of Levinsky,* 23 A D 2d 25, 31, mot. for lv. to app. den. 16 N Y 2d 484). In our opinion, special circumstances exist which warrant the pretrial examination of Mr. Lipson (*Griefer* v. *Newman,* 26 A D 2d 547). However, whether he is plaintiff's agent or a nonparty witness, service of a subpoena upon him is necessary (*Spector* v. *Antenna & Radome Research Assoc. Corp.,* 25 A D 2d 569). Under the circumstances, defendant should have the opportunity to examine Mr. Lipson without losing the priority of examination. Defendant was awarded costs on a prior successful appeal and the costs have not been paid. A stay of proceedings by plaintiff is therefore warranted. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Cohalan, JJ., concur.