■ PLANNED INDUSTRIAL CENTERS, INC., Respondent, v ERIC BUILDERS, INC., Appellant, et al., Defendants.—In an action, *inter alia,* for specific performance, defendant Eric Builders, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated September 9, 1975, as (1) granted the branch of plaintiff's motion which sought an examination before trial of its attorney and (2) denied its cross motion to cancel and discharge a surety company undertaking theretofore filed by it, and substituting therefor an escrow savings account. Order affirmed insofar as appealed from, without costs. It is well settled that when an attorney functions as an agent or negotiator in a commercial venture he may be examined (see *Glen 4912 Corp. v Strauss,* 44 AD2d 582; *Matter of Levinsky,* 23 AD2d 25). In our opinion, appellant's attorney is a hostile witness who possesses material and necessary information; plaintiff should therefore be permitted to examine him before trial (see CPLR 3101, subd [a], par [4]; *Matter of Macku,* 29 AD2d 539). However, if the plaintiff seeks to elicit information regarding privileged matters upon the examination, the witness may then exercise his right to claim privilege (see *Matter of Macku, supra;* Siegel, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR C3101:22, p 25). Although, in the usual case, a subpoena must be served on the nonparty witness who is to be examined (CPLR 3106, subd [b]; *Spector v Antenna & Randome Research Assoc. Corp.,* 25 AD2d 569), under the facts of this case, the plaintiff's failure to do so is not fatal. The rationale for the rule requiring the service of a subpoena is to afford the

witness an opportunity to move for a protective order (see CPLR 3102) and, further, to avoid a waste of judicial effort (see *Spector v Antenna & Randome Research Assoc. Corp., supra; Muss v Utilities & Inds. Corp.,* 61 Misc 2d 642). In the present case appellant's attorney was fully aware of the plaintiff's intention to examine him. Indeed, it was this attorney who, on behalf of the appellant, prepared and submitted the affidavit in opposition to the plaintiff's motion. The attorney could have moved for a protective order in his own right at that time, but he chose not to avail himself of that right. Moreover, service of a subpoena at this stage of the proceeding would be a meaningless act. The witness' rights have been fully protected. As for the plaintiff, he has apparently elected to waive the benefits which the service of a subpoena gives to him in enforcing his right to an examination. We have examined appellant's other arguments and find them to be without merit. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.