CLAIRE R. DELLA VALLE, as Administratrix of the Estate of JOSEPH J. DELLA VALLE, Deceased, Respondent, v CITY OF NIAGARA FALLS, Appellant. INEZ FRANK, as Administratrix of the Estate of ROBERT C. FRANK, Deceased, Respondent, v CITY OF NIAGARA FALLS, Appellant.

Fourth Department, November 5, 1976

*Carl E. Mooradian (George Donohue* of counsel), for appellant.

*Boniello, Gellman, Anton, Brydges, Conti & Schroff (Richard Schroff* of counsel), for respondents.

MARSH, P.J. Defendant appeals from a disclosure order granted to plaintiffs, Claire R. Della Valle, as administratrix of the estate of Joseph John Della Valle, and Inez Frank, as administratrix of the estate of Robert C. Frank. The disclosure is, pursuant to CPLR 3102 (subd [c]), prior to the formal commencement of the action and for the purpose of aiding in drafting a complaint.

Plaintiff Della Valle alleges in her notice of claim filed with defendant City of Niagara Falls that her decedent died as a result of injuries sustained on August 29, 1975 while working in a sewer excavation tunnel on Royal Avenue and 38th Street in the City of Niagara Falls. Decedent was caused to drown when the tunnel he was excavating suddenly filled with water and sewage. The notice of claim of the plaintiff Inez Frank on behalf of decedent Robert C. Frank alleges substantially the same facts. Subsequent to the filing of the notices of claim plaintiffs' counsel moved by order to show cause for permission to examine upon oral deposition the agents, servants and employees of the City of Niagara Falls having knowledge of facts concerning decedent's death and also

sought discovery of records, accident reports and investigating reports relating to the accident of August 29, 1975.

The affidavit of attorney for plaintiffs asserts that each of the decedents was employed by the Di Mambro-Majestic Corp. which corporation was performing work for the City of Niagara Falls with respect to the modernization of its sewer system. The affidavit concludes:

"WHEREFORE, your deponent respectfully prays for an Order of this Court, directing the said City of Niagara Falls, New York, to furnish to the Plaintiffs' attorney, complete photostatic copies of all records and reports relating to the aforesaid accidents and resultant deaths of Joseph John Della Valle and Robert C. Frank, and further directing the said City of Niagara Falls, New York, by their agents, employees and/ or officers to appear and to submit to examination."

The order of disclosure granted at Special Term provided that the defendant-respondent serve upon the attorneys for the plaintiffs-claimants a copy of its entire report of the subject accident, including opinions, memoranda, and correspondence as to the cause of the accident and all other materials and documents relating thereto, made or to be made by Camp, Dresser & McKee, the consulting engineers retained by the defendant-respondent for that purpose, said report being the said consulting engineers' investigation relative to the cause of the sewer flooding and collapse; that the defendant-respondent, its agents, servants, employees and/or those under its control having knowledge of the facts and circumstances, be directed to produce for inspection, discovery and copying all present and future records, accident reports, police reports, investigation reports, copies of all written interviews and memoranda relating thereto, a full statement of all witnesses and statements thereof, all memoranda, correspondence, conclusions, photographs, diagrams and all contract documents including the plans and specifications thereof relating to the accidental deaths of Joseph John Della Valle and Robert C. Frank which occurred as a result of a sewer excavation tunnel filling with water and caving in, within 10 days after service upon the said defendant-respondent, City of Niagara Falls, with a certified copy of the order; and that the defendant-respondent, its agents, servants, employees and/or those under its control having knowledge of the facts and circumstances herein be ordered and directed to submit to oral examination under oath as to the facts and circumstances

surrounding said accident upon 10 days' notice by attorneys for the plaintiffs-claimants.

The City of Niagara Falls argues that the relief granted by the disclosure order was much broader and more sweeping than that sought in the show cause order and supporting affidavit, and that the order granted examination of agents and employees of the independent contractor whereas the request was for an examination of the city's agents and employees only.

The defendant city maintains that it cannot properly invoke the protective mechanisms provided by the discovery article until it is presented with a demand for a specific document when it can make a determination as to whether it is a part of the attorney's work product, privileged material or material prepared for litigation (CPLR 3101, subds [b], [c], [d]).

A procedure is especially desirable whereby specific documents are sought instead of a generalized demand for all relevant documents where the litigation is as complex as in the instant case: "Concerning the documents which the notice and order require appellants to produce, we note that the established rule is, 'Only those documents necessary to be used in aid of conducting a deposition are required to be produced on an examination before trial (CPLR 3111; *Arett Sales Corp. v. Island Garden Center of Queens,* 25 A D 2d 546). Nor can such rule be subverted by seeking discovery and inspection pursuant to CPLR 3120 simultaneously with an examination before trial. Orderly disclosure procedures require that a party, by use of examination, first ascertain identifiable documents before seeking discovery and inspection *(Rios v. Donovan,* 21 A D 2d 409).' *(Ramo v. General Motors Corp.,* 36 A D 2d 693, 694.)" *(Kenford Co. v County of Erie,* 41 AD2d 587.)

Defendant city asserts that it did not become aware that plaintiffs sought disclosure of the investigative report being prepared by the project engineer, Camp, Dresser & McKee, until a direction for such production was inserted in the order prepared by plaintiffs' counsel. The approach required in the *Kenford* case provides an orderly procedure for permitting a party against whom discovery is sought a timely method for asserting a privilege against producing the subject of the discovery motion.

The order to show cause and supporting affidavit requesting an examination of the city's employees and agents does not

mention those under the control of defendant city, hence the order appears to exceed the scope of the request contained in the motion. CPLR 3101 (subd [a], par [1]) requires disclosure by a party, officer, director, member, agent or employee of a party. The proper procedure by plaintiffs would be to request an examination of a specific individual whose testimony is necessary for legitimate discovery purposes and who plaintiffs claim is under the control of defendant city. It may then be determined whether such a person is under the control of defendant city *(Ludden v Erie Lackawanna Ry. Co.,* 38 AD2d 783). Even though such a party might not be under the control of a party against whom discovery is sought, CPLR 3101 (subd [a], par [4]) provides for examination of a nonparty witness on a showing of special circumstances (see *Kenford Co. v County of Erie,* 41 AD2d 586, *supra).*

The order appealed from should be modified by permitting examination to go forward of the city's officers, agents or employees, initially, by such witness or witnesses as the city might present having knowledge of the facts sought. Upon this examination, information can be obtained by plaintiffs concerning documents which are relevant and a proper subject of disclosure. Those portions of the order requiring disclosure of records and documents should be deleted.

The order as modified should be affirmed.

CARDAMONE, SIMONS, GOLDMAN and WITMER, JJ., concur.

Order unanimously modified in accordance with opinion by MARSH, P. J., and as modified affirmed, without costs.