OPINION OF THE COURT
Edward O. Provenzano, J.
This is a personal injury action arising from a May, 1977 vehicular accident at the intersection of a State highway and a county road (Colby Street) in the Town of Ogden. At Special Term, counsel advised the court that plaintiffs are also pursuing a parallel action, in the Court of Claims, against the State.
Pretrial proceedings thus far have established that, pursuant to section 1621 of the Vehicle and Traffic Law, the State is responsible for the erection and maintenance of signs and traffic control devices at the aforesaid intersection and on the aforesaid county road up to 100 feet (in both directions) from the intersection. Plaintiffs have also sought to establish the county’s liability with respect to portions of Colby Street beyond the said 100-foot distances. In that regard, they have already deposed Douglas C. Zefting, a senior engineer in the county Traffic Engineering Department. On the present mo *99 tion, plaintiffs seek leave to further examine the defendant county by deposing five named individuals. As to each of the five, the application is made pursuant to the "special circumstances” provision of CPLR 3101 (subd [a], par [4]).
CPLR article 31 retains the distinction of prior law (Civ Prac Act, §§ 288, 289) between "parties” and nonparty "witnesses”. (See 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.22; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:19, p 21.) For disclosure purposes, a "party” is anyone listed in CPLR 3101 (subd [a], par [1]) who is under the control of a named party to the action. (See Siegel, NY Prac, § 345; see, also, Della Valle v City of Niagara Falls, 54 AD2d 143.) The distinction assumes importance here because, although CPLR 3101 (subd [a], par [4]) purportedly authorizes the examination of any person where adequate "special circumstances” are shown, that provision is in fact intended to apply only to nonparty "witnesses”. (See Matter of Keljikian, 44 Misc 2d 176; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:19, pp 21-22, C3101:21, p 21, C3101:22, pp 25-27; see, also, Della Valle v City of Niagara Falls, supra; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.22.) The rare cases where the "special circumstances” rule has been applied to "parties” are readily distinguishable from the present case. (See Matter of Reis, 48 Misc 2d 330; Glens Falls Ins. Co. v Weiss, 6 Misc 2d 729.) Thus the construction of the "any person” language of CPLR 3101 (subd [a], par [4]) accords with that of the "any other person” language of its predecessor provision (Civ Prac Act, § 288). (Italics added.)
Because it does not appear that plaintiffs have served subpoenas on any of the aforesaid five individuals, their motion is denied insofar as disclosure pursuant to CPLR 3101 (subd [a], par [4]) is concerned. Where one is sought to be deposed under the "special circumstances” rule, he must first be served with a subpoena, pursuant to CPLR 3106 (subd [b]), and each party to the action must be given notice, pursuant to CPLR 3107, of the intended examination. (See Spector v Antenna & Radome Research Assoc. Corp., 25 AD2d 569; Bush Homes v Franklin Nat. Bank of Long Is., 61 Misc 2d 495; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:23, pp 27-28; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.33.) The court agrees with Justice Life (see Muss v Utilities & Inds. Corp., 61 Misc 2d 642; Bush Homes v Frank *100 lin Nat. Bank of Long Is., supra) that CPLR 3101 is a statute of description rather than of implementation and that it was never intended to authorize a motion pursuant to CPLR 3101 (subd [a], par [4]). The court has carefully examined and considered, but does not concur with, the contrary reasoning and holding of Kurzman v Burger (98 Misc 2d 244).
Plaintiffs have, however, requested such other relief as may seem just and proper. The court will therefore consider which of the five said individuals are "parties” (as previously defined) through whom the corporate defendant county may be further deposed under rationale of Parrish & Co. v Applestein 28 AD2d 979).
William M. Lombard, the Monroe County Sheriff, may not be so considered. Although the Sheriff is paid by the county and, for certain purposes, has been held to be a "county officer” (See Burke v Kern, 287 NY 203), he is nevertheless, like the District Attorney, a constitutional officer elected by the People. (NY Const, art XIII, § 13.) Traditionally, the Sheriff has not been an officer of the county but rather an officer of the court (Reck v County of Onondaga, 51 Misc 2d 259) and he has historically been treated as an independent agent (Enstrom v City of New York, 258 App Div 672; Matter of Connelly v Amico, 72 Misc 2d 644, affd 43 AD2d 1016). The State Constitution provides that the county shall not be liable for his acts, and no case has been found which holds that the county may exercise control over the Sheriff with respect to the duties of his office. For disclosure purposes, he must be considered as a nonparty "witness” whose examination cannot be compelled without prior service of a subpoena.
A similar finding must be made as to Mr. Lombard’s deputy, Lieutenant (formerly Sgt.) Garry L. Coles. Like the Sheriff, Lt. Coles is paid by the county and, for collective bargaining purposes, it appears that he is considered a joint employee of the Sheriff and the county. (See Matter of Reese v Lombard, 47 AD2d 327,330.) Nevertheless, there is nothing before the court to demonstrate that the defendant county possesses any such control over him as to bring him within the purview of CPLR 3101 (subd [a], par [1]). As the Fourth Department noted, in Amico v Erie County Legislature (36 AD2d 415, 423, affd 30 NY2d 729): "[i]t is crucial to note that employees of the sheriff performing civil functions or both civil and criminal functions * * * are his personal agents, and are therefore, not in the service of the county or the people.” Moreover, there is *101 nothing to show that the matters as to which plaintiffs seek to examine Lt. Coles involve information acquired at the request of the defendant county or in furtherance of a duty owed to said defendant.
Sam F. La Franco is a county employee, but plaintiffs’ motion to depose him must be denied for the same reasons stated in this court’s prior decision of January 15, 1979. Although Mr. La Franco is the head of the county Traffic Engineering Department and he signed several communications relative to matters in issue herein, plaintiffs have still shown no reason to believe that he is more knowledgeable in the premises than is Mr. Zefting, whom they have already deposed. (Cf. Besen v C.P.L. Yacht Sales, 34 AD2d 789.)
It fairly appears that Robert Moffitt and Frank Dolan are county employees possessed of relevant information beyond that obtained through the deposition of Mr. Zefting. (See Kenford Co. v County of Erie, 41 AD2d 586.) The defendant County of Monroe is therefore directed to produce its said two employees for oral depositions at a time and place reasonably selected by plaintiffs’ counsel following consultation with counsel for said defendant.
At Special Term, plaintiffs’ counsel advised the court that the deposition of plaintiff Estella C. Ball should, when conducted, be taken at her home because of the disabling nature of injuries she sustained in the aforesaid accident. Opposing counsel raised no objection to such procedure. In the interest of practical economy, the court believes that the depositions of all of the plaintiffs should be scheduled for the same time and place. Accordingly, the court directs that, following consultation thereon between opposing counsel, plaintiffs shall be deposed by the defendant County of Monroe at a time reasonably selected by counsel for said defendant and at a place reasonably selected by plaintiffs’ counsel. Because of a general legislative intent that defendants be afforded priority of disclosure (see Siegel, NY Pract, § 354), the court specifically holds that the defendant county need not wait until plaintiffs have completed their discovery of said defendant before deposing the plaintiffs as aforesaid. The defendant county is presently entitled to examine the plaintiffs and plaintiffs are presently entitled to examine Mr. Moffitt and Mr. Dolan. The court trusts that opposing counsel will be able to agree on a schedule which will accommodate *102 all persons concerned, without any particular priority intended.
Plaintiffs’ motion to depose certain witnesses on grounds of special circumstances (CPLR 3101, subd [a], par [4]) is denied, without costs and without prejudice to seeking such disclosure pursuant to CPLR 3106 (subd [b]) and 3107. Plaintiffs’ motion for other relief is granted, without costs, to the extent that they are authorized to further examine the defendant County of Monroe through the depositions of Robert Moffitt and Frank Dolan, as agents or employees of said defendant. The cross motion of the defendant county to depose the plaintiffs is granted, as herein provided, without costs.