■ HELEN McNULTY, Respondent, v GERALD R. McNULTY, Also Known as RUSSELL McNULTY, et al., Respondents, and DONALD PIUS, Appellant. — In a matrimonial action in which plaintiff seeks, *inter alia,* to set aside a transfer of real property, defendant Donald Pius appeals from an order of the Supreme Court, Suffolk County, dated June 27, 1980, which denied his motion for an order punishing Louis F. Mascaro and Carol A. Messerschmitt for contempt for their failure to appear at examinations before trial. Order reversed, on the law, with $50 costs and disbursements, motion granted, and Louis F. Mascaro and Carol A. Messerschmitt are adjudged to be in contempt of court. Mascaro and Messerschmitt may purge themselves of the contempt by appearing at an examination before trial. The examination shall proceed upon a written notice of not less than 10 days, to be given by appellant, or at such other time and place as the parties may agree. In the event Mascaro and Messerschmitt, or either of them, fail to appear for the examination before trial, then the matter is to be referred to Special Term for the imposition of an appropriate penalty for the contempt. Plaintiff commenced an action, *inter alia,* to set aside a transfer of real property to the defendant corporation (purportedly wholly owned by the defendant husband). Plaintiff alleges that the deed recorded in the Suffolk County Clerk's office was not signed by her, or that if she signed the deed, she did not know that the document was a deed conveying her interest in the property. The defendant corporation transferred the property to Donald Pius, by deed recorded April 5, 1979; plaintiff had filed a notice of pendency against the property on April 2, 1979. Subsequently, Pius, who was granted leave to intervene, served subpoenas and notices to take depositions upon oral examination upon Louis F. Mascaro (the husband's attorney who prepared the deed in question) and Carol A. Messerschmitt (Mascaro's secretary and the notary on said deed). The witnesses refused to appear for the examinations, claiming the attorney-client privilege. Special Term denied Pius' motion to punish the witnesses for contempt, holding that "the information sought to be elicited and the entire transaction would all appear to fall within the privilege". A party seeking disclosure from a nonparty witness need not move for a court order, but may proceed by serving a subpoena and notice (see CPLR 3101, subd [a], par [4]; 3106, subd [b]; 3107; *Spector v Antenna & Radome Research Assoc. Corp.,* 25 AD2d 569; *Ball v County of Monroe,* 99 Misc 2d 97; *Bush Homes v Franklin Nat. Bank of Long Is.,* 61 Misc 2d 495). Either the witness or adversary may then apply for a protective order if he chooses to resist the examination (see CPLR 3103, subd [a]). Here, the witnesses sought to be examined merely refused to attend. In our view, the husband's attorney (and the attorney's secretary) are hostile witnesses who possess material and necessary information; defendant Pius should therefore

be permitted to examine them before trial (see CPLR 3101, subd [a], par [4]; *Planned Ind. Centers v Eric Bldrs.*, 51 AD2d 586). While confidential communications between the husband and the attorney, made in the course of the attorney's employment, will be privileged (see CPLR 4503, subd [a]), other matters concerning the execution of the deed are not privileged. Should the examiner improperly seek information regarding privileged matters, the witnesses may then exercise their right to claim privilege (see *Planned Ind. Centers v Eric Bldrs., supra; Matter of Macku*, 29 AD2d 539; cf. *Di Francesco v Di Francesco*, 47 Misc 2d 632). Failure to comply with a subpoena issued by an "officer of the court shall be punishable as a contempt of court" (see CPLR 2308, subd [a]). Clearly, the witnesses have failed to comply with the subpoenas duly served upon them. "[T]he mere act of disobedience * * * is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (see *Great Neck Pennysaver v Central Nassau Pubs.*, 65 AD2d 616, 617; Judiciary Law, § 753). We hold that the failure to submit to an examination prejudiced the rights of defendant Pius and, thus, the witnesses should be adjudged in contempt of court. However, the witnesses may purge themselves of the contempt by promptly submitting to examinations before trial (see *Matter of Ferrara v Hynes*, 63 AD2d 675). Rabin, J.P., Gulotta, Weinstein and Thompson, JJ., concur.