■ STEPHANIE REITER, an Infant, et al., Respondents, v TALL PINES INDUSTRIAL PARK, INC., Appellant. — In a negligence action to recover damages for

personal injuries, etc., defendant appeals from an order of the Supreme Court, Rockland County (Ruskin, J.), dated March 30, 1982, which denied its renewed motion for leave to examine a nonparty witness. Order reversed, with costs, and renewed motion granted. The order appealed from denied defendant's renewed motion for leave to examine a nonparty witness in this personal injury action on the ground that a prior order of the same court (Coppola, J.), had denied such leave. As correctly pointed out in the renewal papers, however, no reason had been given for the earlier denial. The only objection that the plaintiffs had raised to the previous motion had been the fact that the motion papers had not been served upon the nonparty witness. Hence it was impossible to determine the ground for the original denial of the motion. In mooting plaintiffs' procedural objection by service of the motion papers on the nonparty witness on the second motion, however, defendant properly sought not collateral review of the original decision, but renewal of the motion for a disposition on its merits. Hence Special Term should have addressed the merits of the motion. Nevertheless, in the interest of judicial economy, and since there is no need in this department to seek leave in advance of seeking disclosure from a nonparty witness (*McNulty v McNulty,* 81 AD2d 581), this court will address the merits. It is not disputed that the nonparty witness was the only adult witness to the alleged trip and fall on defendant's parking lot by the infant plaintiff, who was only four years old at the time, and that this witness is the infant plaintiff's mother. This action was commenced by the infant plaintiff's father. Plainly, there can be no objection to defendant's examination of this nonparty witness under such circumstances. The order must, therefore, be reversed and the renewed motion granted. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.