■ BROYLES & BROYLES, INC., Respondent, v RAINBOW SQUARE, LTD., et al., Appellants.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: We agree with

the denial of defendants' motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) for reasons stated at Special Term. However, we reverse Special Term's order insofar as it directs defendant to produce Bennett J. Halpern for a deposition upon oral questions.

This is an action for breach of contract and for the reasonable value of work, labor and services performed by plaintiff for defendant in connection with the design and construction of a mechanical and heating ventilation and air-conditioning (HVAC) system for the Rainbow Centre Mall in Niagara Falls, New York. The record shows that defendant sought Halpern's advice on corrective measures in the HVAC system to reduce energy consumption. We agree that his work product was not performed in preparation for litigation and thus is not privileged. However, defendant cannot be compelled to produce Halpern for deposition since he is not its agent nor within its control. Agency is a fiduciary relationship "which results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act * * * It is a relationship whereby 'one retains a degree of direction and control over another' " (Meese v Miller, 79 AD2d 237, 241). There is no proof that defendant retained control over Halpern when he performed his energy analysis and, since there is no showing that he is an agent of defendant, his examination could not be directed under CPLR 3101 (a) (1) (see, Ludden v Erie Lackawanna Ry. Co., 38 AD2d 783). (Appeal from order of Supreme Court, Niagara County, Doyle, J.—discovery.) Present—Callahan, J. P., Doerr, Green, Lawton and Schnepp, JJ.