■ SPA REALTY ASSOCIATES, Appellant, v SPRINGS ASSOCIATES et al., Defendants, and CITY OF SARATOGA SPRINGS, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered April 29, 1991 in Saratoga

County, which denied plaintiff's motion to compel defendant City of Saratoga Springs to comply with plaintiff's discovery demands.

Plaintiff, a real estate development partnership which owns real property located in the City of Saratoga Springs, Saratoga County, commenced this action seeking a variety of relief against defendant Springs Associates and others for their part in the construction of an allegedly illegal sewer line and sewer lift station which trespassed upon plaintiff's property. Plaintiff's complaint also alleged that defendant City of Saratoga Springs conspired with Springs Associates and its members by, *inter alia,* issuing certificates of occupancy for Springs Associates' housing units despite the illegal sewer upon which the units were dependent. During discovery, plaintiff served interrogatories and a notice for discovery and inspection on the City, subsequently rejecting the City's reply as unresponsive. Discovery proceeded and the City again answered plaintiff's interrogatories. Dissatisfied with the City's answers and failure to provide the documents demanded, plaintiff moved to compel discovery. The City opposed the motion on the ground, *inter alia,* that much of what plaintiff sought was in the possession of the City s planning and zoning boards, separate entities whose documents are beyond the scope of the City's ability to produce. Supreme Court agreed and denied the motion, prompting this appeal.

In our view, Supreme Court properly concluded that the City's planning and zoning boards are sufficiently separate entities to require that they be made recipients of separate discovery demands pursuant to CPLR 3101. The relevant inquiry here is whether the boards at issue are "under the control of defendant city" *(Della Valle v City of Niagara Falls,* 54 AD2d 143, 147; *see, Broyles & Broyles v Rainbow Sq.,* 125 AD2d 933; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:19, at 28). A planning or zoning board, "while an agency of the municipality, nevertheless possesses an independent and direct interest * * * as a representative of the public interest in protecting the zoning system" and "acts in an administrative capacity independent from the [municipality]" when performing certain functions, including the approval of zoning ordinances or granting of variances *(Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 266). Accordingly, the City's planning and zoning boards, as independent bodies, are not sufficiently under the City's control for purposes of the discovery at issue here, although, ostensibly, plaintiff may request the same from these boards

as nonparties (CPLR 3101 [a] [4]; 3120 [b]). Consequently, we affirm all but a small portion of Supreme Court's order, as it pertains to each individual discovery item plaintiff sought to compel. In our view, plaintiff's document requests numbered 13, 18, and 23, asking for the City's rules and regulations, are easily accessible to and in the possession of the City and should be produced.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to compel defendant City of Saratoga Springs to comply with paragraphs numbered 13, 18, and 23 of plaintiff's notice for discovery and inspection; motion granted to that extent; and, as so modified, affirmed.