■ LAWRENCE PRISCO, Appellant, v JORGEN CO., INC., et al., Defendants, and TENNIS & SPORT WORLD AT BROOKHAVEN, INC., Defendant and Third-Party Plaintiff-Respondent. ROBERT E. PRISCO, L.E.C., Third-Party Defendant-Respondent. [691 NYS2d 169] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated December 24, 1997, as granted the defendant third-party plaintiff's motion for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's separate cross motions to amend the caption and strike the answer of the defendant third-party plaintiff.

Ordered that the order is modified by deleting the provision thereof denying the plaintiff's cross motion to amend the cap-

tion and substituting therefor a provision granting the cross motion to the extent of adding Shep Messing Soccer & Sport World, Inc., d/b/a Tennis & Sport World at Brookhaven, Inc., as a party defendant, and otherwise denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The trial court properly found that the defendant third-party plaintiff Tennis & Sport World at Brookhaven, Inc., complied with discovery demands (cf., Matter of Macku, 29 AD2d 539), which production established that there were no genuine issues of fact and that this party was entitled to judgment as a matter of law (see, Di Sabato v Soffes, 9 AD2d 297).

Shep Messing Soccer and Sport World d/b/a Tennis & Sport World at Brookhaven, Inc. (hereinafter collectively referred to as Shep Messing) may be added as a party defendant, as the plaintiff's claim against it relates back to the date his action was commenced against the original defendants (see, Buran v Coupal, 87 NY2d 173). The claims arose out of a single occurrence. There is evidence that Shep Messing and the original defendant Tennis & Sport World at Brookhaven, Inc., are united in interest (see, Schumacher v Richards Shear Co., 59 NY2d 239), and Shep Messing's designee for the service of process was served in this action (see, L & L Plumbing & Heating v DePalo, 253 AD2d 517). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.